**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000410
28-MAY-2014
10:13 AM**

NO. CAAP-13-0000410

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ELIAS A.M. PARKER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-11-04895)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Elias A.M. Parker (Parker) appeals from the Judgment entered on March 19, 2003, in the District Court of the First Circuit (District Court).[1] Parker was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS)

---

[1] The Honorable Michael A. Marr presided.

§ 291E-61(a)(3) (Supp. 2013).[2/] We affirm Parker's conviction and sentence.

A police officer pulled Parker over after observing him run a red light. The officer subsequently arrested Parker for OVUII. After placing Parker under arrest, the officer read to Parker a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Parker agreed to take a breath test and refused a blood test. Parker's breath test showed that he had a breath alcohol concentration of .162 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit. Parker moved to suppress the results of his breath test, and the District Court denied his motion.

On appeal, Parker challenges the District Court's denial of his motion to suppress. Parker argues that because the police failed to give him Miranda warnings before reading the Implied Consent Form to him and obtaining his decision on testing, the results of his breath test should have been suppressed as the fruit of a Miranda violation. Parker further argues that the results of his breath test should have been suppressed because: (1) the police violated his statutory right to an attorney under HRS § 803-9 (1993) and misinformed him of his statutory right to an attorney; (2) the police misinformed him of the sanctions for refusing to submit to testing; and (3) based on Missouri v. McNeely, --- U.S. ---, 133 S. Ct. 1552

---

[2/] HRS § 291E-61(a)(3) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Parker's complaint charged him with OVUII, in violation of HRS § 291E-61(a)(1) (Supp. 2013) and/or (a)(3), and alleged that he was subject to sentencing as a first offender in accordance with HRS § 291E-61(b)(1) (Supp. 2013). The District Court granted Parker's motion to dismiss the HRS § 291E-61(a)(1) portion of the charge, and Plaintiff-Appellee State of Hawai'i only proceeded to trial on the alleged HRS § 291E-61(a)(3) violation.

(2013), the police violated his rights under the Fourth Amendment in obtaining the results of his breath test.

We recently rejected the same arguments in <u>State v. Won</u>, No. CAAP-12-0000858, --- Hawai'i ---, --- P.3d ---, 2014 WL 1270615 (Hawai'i App. Mar. 28, 2014) (as amended on May 2, 2014). Based on <u>Won</u>, we conclude that the District Court properly denied Parker's motion to suppress, and we affirm Parker's conviction and sentence under HRS § 291E-61(a)(3) and (b)(1).[3]

DATED:  Honolulu, Hawai'i, May 28, 2014.

On the briefs:

Jonathan Burge
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

_Craig H. Nakamura_
Chief Judge

_[signature]_
Associate Judge

_Lawrence M Reifurth_
Associate Judge

---

[3]Although the District Court dismissed the HRS § 291E-61(a)(1) portion of the OVUII charge, <u>see</u> footnote 2, <u>supra</u>, the typed portion of the District Court's Judgment under "Violation Section" and its files erroneously indicate that Parker was convicted of violating both HRS § 291E-61(a)(1) and (a)(3). We direct the District Court to file a corrected judgment that clearly reflects that Parker was only convicted of violating HRS § 291E-61(a)(3), as a first offender under HRS § 291E-61(b)(1).